Submitted November 7, 2008, affirmed April 22, 2009

Marc K. MARTINSEN,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT
and JT Marine,
*Respondents.*

Employment Appeals Board
08AB0684; A138556

206 P3d 1113

Marc K. Martinsen filed the brief *pro se.*

Denise G. Fjordbeck, Attorney-in-Charge, Civil/Administrative Appeals, waived appearance for respondent Employment Department.

No appearance for respondent JT Marine.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

SERCOMBE, J.

**SERCOMBE, J.**

Claimant seeks judicial review of a final order of the Employment Appeals Board (board) dismissing his application for review. The board determined that claimant had failed to timely request a hearing from the decision by an administrative law judge (ALJ) denying his application for unemployment compensation benefits. We affirm and do not reach claimant's arguments on the merits.

The facts are not in dispute. Claimant submitted a claim for unemployment benefits. On January 23, 2008, the Employment Department issued an administrative decision allowing benefits. Employer appealed and, on February 20, 2008, a hearing was held before an ALJ. Claimant and employer participated in the hearing; only employer was represented by counsel. The ALJ set aside the administrative decision and concluded that claimant had voluntarily quit work without good cause and was therefore disqualified from receipt of benefits under ORS 657.176.[1] The ALJ's decision denying the claim was mailed to the parties on February 26, 2008.

ORS 657.269 requires a claimant who receives a denial to file a "request for [a] hearing" within 20 days of the administrative decision, otherwise "[the decision or the denial] shall be final and benefits shall be paid or denied in accordance therewith." Thus, the ALJ's decision became final on March 17, 2008, without an application for review having been filed. *See* ORS 657.270(4) (stating that decisions are final 20 days after mailing of notification). OAR 471-041-0070 governs the filing of late applications for review:

"(1) An application for review is timely if it is filed within 20 days of the date that OAH mailed the hearing decision sought to be reviewed. EAB shall dismiss a late

---

[1] ORS 657.176(2) provides, in part:

"An individual shall be disqualified from the receipt of benefits until the individual has performed service in employment, as defined in ORS 657.030(2), * * * if the authorized representative designated by the director finds that the individual:

"* * * * *

"(c) Voluntarily left work without good cause."

application for review, unless the filing period is extended in accordance with this rule.

"(2) The filing period may be extended a reasonable time upon a showing of good cause as provided by ORS 657.875.

"(a) 'Good cause' exists when the applicant provides satisfactory evidence that factors or circumstances beyond the applicant's reasonable control prevented timely filing.

"(b) 'A reasonable time' is seven days after the circumstances that prevented timely filing ceased to exist.

"(3) The applicant shall include with the application for review a written statement describing the circumstances that prevented a timely filing. Nothing in this rule prevents EAB from referring the matter to OAH for a hearing if in EAB's discretion, a hearing is necessary to EAB's determination under section (2)."

Claimant filed an untimely application for review on March 31, 2008. He asserted that his filing was untimely because he returned from Alaska too late to file on time. The board found that claimant did not offer further details about his circumstances and therefore his assertion was "insufficient to establish that a timely filing was beyond his reasonable control."

On review, claimant does not argue that the board erred in concluding that he failed to comply with the applicable procedures for requesting review of the ALJ's decision or that good cause excused his late filing. Instead, claimant asks us to set aside the ALJ's decision on the merits. We decline to do so because the ALJ's decision automatically became final when claimant failed to request board review within 20 days after the mailing. ORS 657.270(4). Consequently, we affirm the board's dismissal of claimant's application for review because it was untimely.

Affirmed.