No. 817          November 14, 2024          211

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Patricia E. MORGAN,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT
and Farmers Bros Co,
*Respondents.*

Employment Appeals Board
2022EAB0957;
A180265

Submitted October 15, 2024.

Patricia E. Morgan filed the brief *pro se*.

Denise G. Fjordbeck waived appearance for respondent Employment Department.

No appearance for respondent Farmers Bros Co.

Before Tookey, Presiding Judge, Kamins, Judge, and Kistler, Senior Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Claimant, appearing *pro se*, seeks judicial review of an Employment Appeals Board (board) decision dismissing her application for review of a decision by an administrative law judge (ALJ) denying her access to unemployment benefits.[1] The board dismissed claimant's application because claimant had filed it after the filing deadline, ORS 657.270(6), and did not show good cause to extend that deadline, OAR 471-041-0070. We determine that the board properly dismissed claimant's application for review on those procedural grounds. Consequently, we do not reach claimant's arguments as to the merits of her application for unemployment benefits. We affirm.

Under ORS 657.270(6), "the decision of the administrative law judge is final unless * * * [a] party to the hearing files an application for review with the Employment Appeals Board * * * within 20 days after the notice was mailed to the party's last known address." The board "shall dismiss a late application"—an application that is filed after the 20-day deadline—"unless the filing period is extended * * * a reasonable time upon a showing of good cause[.]" OAR 471-041-0070(1), (2). "'Good cause' exists when the applicant provides satisfactory evidence that factors or circumstances beyond the applicant's reasonable control prevented timely filing." OAR 471-041-0070(2)(a). In order to avoid the board dismissing a late application, the applicant must include "a written statement describing the circumstances that prevented a timely filing." OAR 471-041-0070(3).

Here, the ALJ issued an order denying claimant unemployment benefits on August 16, and indicated that the deadline to file an application for review was on September 6. Claimant filed her application for review late, on September 12, and included a handwritten note:

---

[1] Respondent, the Employment Department, waived its appearance. Although we understand that it may be difficult for the Employment Department to respond to each appeal filed in this court, we highlight that a response is helpful in our decision-making process. *See Penson v. Ohio*, 488 US 75, 84, 109 S Ct 346, 102 L Ed 2d 300 (1988) ("[O]ur adversarial system of justice * * * is premised on the well tested principle that truth—as well as fairness—is best discovered by powerful statements on both sides of the question." (Internal quotation marks omitted.)).

"P.S. was out of town away from mail for several weeks when letter sent, returning just before Sept 6th, causing for delay in appeal request. Thank you."

The board dismissed claimant's application for failure to timely file and left the ALJ's order "undisturbed." Accordingly, the ALJ's order became final on September 6. *See* ORS 657.270(6).

Claimant's note amounted to an explanation for her failure to timely file her application, albeit one that the board determined was insufficient. Claimant was aware as to the approximate timing of the ALJ's decision, because the ALJ informed her at the August 8 hearing that a decision would be issued "no later than the end of next week." Under the circumstances, claimant's note did not explain why her travel in the weeks following the August 8 hearing prevented her from timely filing her application for review. In its decision, the board noted that claimant "did not indicate in her late application for review why she did not have someone assist her with her mail while she was out of town," and, further, that "because claimant returned *before* the application for review was due on September 6, 2022, claimant's written statement did not show that being out of town prevented her from filing the application for review on time." (Emphasis in original.) That is, the record supports the board's determination that claimant failed to "provide[] satisfactory evidence that factors or circumstances beyond [her] control prevented timely filing." OAR 471-041-0070(2)(a).

On review, claimant does not address the board's dismissal of her application for untimeliness. Instead, claimant appears to request that we reach the merits of the ALJ's final order, and set aside that decision on the basis that, in her view, she neither quit work without good cause nor was discharged for misconduct related to work and is thus eligible for unemployment benefits.

For the reasons discussed above, we decline to reach those merits, and we affirm the board's decision dismissing claimant's application for review. *See Martinsen v. Employment Department*, 227 Or App 597, 600, 206 P3d 1113 (2009) (resolving a similar case—in which the claimant sought judicial review of a final order of the board

dismissing his application for timeliness, but "ask[ed] us to set aside the ALJ's decision on the merits"—by declining to reach the merits "because the ALJ's decision automatically became final when claimant failed to request board review within 20 days after the mailing").

Affirmed.